PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALEXANDER J. CURTIS,

        Plaintiff,

  -v-

MALIK EVANS, City of Rochester, NY,
OFC. FLINT, Rochester Police Dept.,
TODD BAXTER, Monroe County Sheriff's
Office, County of Monroe, NY, CHASE
BANK,

        Defendants.

22-CV-6234 CJS
DECISION and ORDER

---

## INTRODUCTION

*Pro se* Plaintiff Alexander Curtis is currently being prosecuted in Rochester City Court for violating the City of Rochester Municipal Code, § 44-4 "Aggressive Panhandling" ("Section 44-4").   On May 20, 2022, Plaintiff filed a Complaint (ECF No. 1) alleging, *inter alia*, that Section 44-4 is facially unconstitutional and violates his rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution.  Now pending before the Court are Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2), his Motion for Service by the U.S. Marshal (ECF No. 3) and his two largely-duplicative Motions for a Preliminary Injunction (ECF Nos. 4 & 5).   For the reasons discussed below, the application to proceed *in forma pauperis* is granted, the other applications are denied and the action is dismissed.

## BACKGROUND

The Complaint alleges that on November 20, 2021, Plaintiff was "falsely arrested and imprisoned" for violating Section 44-4, which is "unconstitutional in its entirety."   The

Complaint does not provide any details concerning Plaintiff's conduct prior to the arrest, and does not, for example, claim that Plaintiff was innocent of engaging in conduct that is prohibited by § 44-4 or any section thereof.[1]  Rather, the Complaint merely indicates that Plaintiff was arrested and contends that the statute as a whole is unconstitutional. The Complaint does not even indicate who arrested Plaintiff, though the Court infers from the record that it was Officer Flint of the Rochester Police Department.   The Complaint also alleges in entirely conclusory fashion that Flint, Mayor Malik Evans ("Mayor Evans") and Chase Bank conspired to violate Plaintiff's rights.  The Complaint further purports to sue Monroe County Sheriff Todd Baxter ("Sheriff Baxter"), but sets forth no allegations concerning him personally.[2]  Liberally construed, the Complaint asserts claims under 42 U.S.C. § 1983 and seeks monetary relief ("punitive, emotional & monetary damages"), declaratory relief declaring that § 44-4 is unconstitutional, and injunctive relief "halt[ing] the enforcement of [§ ] 44-4 in its entirety & strik[ing] down the law."

The motion for leave to proceed *in forma pauperis* alleges that Plaintiff is unemployed but has income consisting of a monthly SSI Disability payment of $948 and additional assistance that pays his rent.  The application further states that Plaintiff has monthly expenses totaling $400.

The applications for preliminary injunctive relief provide only scant additional facts concerning Plaintiff's claim, indicating, for instance, that Plaintiff was arrested on November 20, 2021, for violating Section 44-4, and that his most-recent court appearance

---

[1] Indeed, the Court can only speculate that Chase Bank is named as a defendant because Plaintiff was panhandling within 20 feet of a Chase Bank branch or ATM machine, which is a violation of § 44-4(D).
[2] The separate application for injunctive relief asserts that the "Monroe County Sheriff's Office ha[s] enforced" § 44-4 and "arrested panhandlers," though there is no indication that it ever arrested Plaintiff on that basis.

on that still-pending charge was on May 23, 2022, in Rochester City Court.  In addition to requesting that the Court enjoin the enforcement of § 44-4, the first such application (ECF No. 4) also asks the Court to "charge [RPD Officer Flint] under 18 USC 241, 242 and [sentence him] to 10 years in federal prison."

## DISCUSSION

<u>General Principles</u>

The determination of whether an *in forma pauperis* plaintiff should be permitted to proceed under 28 U.S.C. § 1915 involves two separate considerations. *Pace v. Waterbury Police Dep't*, No. 3:17CV00426(DJS), 2017 WL 1362683, at *1 (D. Conn. Apr. 12, 2017). First, the Court must determine whether the plaintiff may proceed with the action without prepaying the filing fee in full. *See* 28 U.S.C. § 1915(a).  Second, the Court must review the complaint to determine whether the plaintiff has stated a cognizable, non-frivolous claim. *Pace*, 2017 WL 1362683 at *1. The Court must dismiss the case if it determines that the case "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

As for whether the complaint states a claim on which relief may be granted,

[w]hen reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. More specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

3

U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]). "Determining whether a complaint states a plausible claim for relief ... requires the ... court to draw on its judicial experience and common sense.... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint ... the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

*Rogers v. U.S. Dep't of the Treasury*, No. 521CV1351DNHML, 2022 WL 899771, at *3 (N.D.N.Y. Mar. 28, 2022); *see also*, *Komatsu v. Cubesmart, Daniels Norelli Cecere & Tavel PC*, No. 20-3676-CV, 2021 WL 6060603, at *1 (2d Cir. Dec. 20, 2021) ("To avoid dismissal, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).").

The Subject Application

The Court will assume for purposes of this Decision and order that Plaintiff is indigent, although frankly it appears from his financial affidavit that he can afford the filing fee.  Nevertheless, the Court grants the application (ECF No. 2) for leave to proceed *in forma pauperis*.

Next, as noted earlier, under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial screening of Plaintiff's complaint, to determine among other things whether the complaint is frivolous or malicious or fails to state a claim on which relief may be granted. In so doing, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

<u>Pursuant to the *Younger* Abstention Doctrine the Court Declines to Exercise Jurisdiction Over the Claims Seeking Declaratory and Injunctive Relief</u>

Construed liberally, the Complaint here purports to state a facial constitutional challenge to Section 44-4, and requests that the Court "halt the enforcement of [§ ] 44-4 in its entirety & strike down the law." The application for injunctive relief similarly asks the Court to enjoin enforcement of Section 44-4. The Complaint also purports to state claims against the Defendants for money damages under 42 U.S.C. § 1983.

However, insofar as Plaintiff is seeking declaratory or injunctive relief directed at Section 44-4, the Court declines to exercise jurisdiction pursuant to the *Younger* abstention doctrine, since to do so would improperly interfere in Plaintiff's ongoing state-court criminal prosecution, and Plaintiff can raise his constitutional challenge to the statute in the context of the proceeding already pending in Rochester City Court.

In that regard, in addressing a prior action filed by this same Plaintiff, also involving a challenge to a municipal ordinance under which the Plaintiff was then being prosecuted (*Curtis v. Town of Henrietta, et al.*, 19-CV-6084 CJS), this Court stated:

> Plaintiff may have a valid argument concerning the constitutionality of the statute under which he was charged. *See, Jefferson v. Rose*, 869 F.Supp.2d 312, 317 (E.D.N.Y. 2012) ("Both state and federal courts in New York have recognized that begging or panhandling, as Plaintiff was doing in the present case, is constitutionally protected speech.") (citations omitted).

However, Plaintiff should raise any such argument in Henrietta Town Court, since this Court generally must abstain from exercising jurisdiction to enjoin a pending state-court criminal proceeding:

> In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court, except in cases where an injunction is necessary to prevent immediate and irreparable injury to a defendant, should not enjoin a pending state court criminal proceeding. *Id.* at 45. The doctrine of federal abstention, as outlined in *Younger*, "is grounded in principles of comity and federalism and is premised on the belief that a state proceeding provides a sufficient forum for federal constitutional claims." *Schlagler v. Phillips*, 166 F.3d 439, 442 (2d Cir. 1999). It "is not a jurisdictional bar based on Article III requirements, but instead a prudential limitation on the court's exercise of jurisdiction grounded in equitable considerations of comity." *Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003) (citations omitted).

*Tyson v. Clifford*, No. 3:18CV1600(JCH), 2018 WL 6727538, at *3 (D. Conn. Dec. 21, 2018).

*Curtis v. Town of Henrietta, et al.*, 19-CV-6084 CJS, ECF No. 3 at p. 3; *see also, Johnson v. Yonkers City Ct.*, No. 22-CV-0049 (LTS), 2022 WL 1004180, at *2 (S.D.N.Y. Apr. 4, 2022) ("In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate.") (citations omitted); *see also, Hansel v. Town Court for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995) (*Younger* abstention applies to claims requesting either injunctive or declaratory relief).

Plaintiff acknowledges that this Court previously advised him of these principles, but indicates that he disagrees with them, stating: "This is absurd:  There's no reason to

wait for the state courts when the federal courts can offer preliminary relief for what is clearly a violation of my [constitutional rights]."  (ECF No. 5 at p. 2).

Nevertheless, granting Plaintiff's request for injunctive and declaratory relief would have the effect of interfering in his ongoing state-court criminal prosecution, and the requirements for *Younger* abstention are otherwise met.[3]  Additionally, Plaintiff has made no plausible assertion or showing of bad faith, harassment, or irreparable injury with respect to that pending state-court criminal proceeding.  Accordingly, the Court finds that abstention is required, and the Court therefore declines to exercise jurisdiction over the claims for injunctive and declaratory relief.[4]

<u>The Remaining Claims for Monetary Damages</u>
<u>Fail to State Actionable Claims</u>

The remaining claims purport to state claims for money damages against Mayor Evans, Officer Flint, Sheriff Baxter and Chase Bank under 42 U.S.C. § 1983.  Section 1983 "is not itself a source of a substantive rights, but merely provides a method for vindication of federal rights elsewhere conferred."  *Long v. Crowley*, No. 09BCVB00456A(F), 2012 WL 1202181 (W.D.N.Y. Mar. 22, 2012) (citations and internal quotation marks omitted).  To establish individual liability under Section 1983, a plaintiff must show that the defendant acted under color of state law and caused the plaintiff to be deprived of a constitutional right. 42 U.S.C. § 1983.  "A defendant in a § 1983 action

---

[3] *See, Hansel v. Town Ct. for Town of Springfield, N.Y.*, 56 F.3d at 393 ("*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court.").

[4] *See, Hansel v. Town Ct. for Town of Springfield, N.Y.*, 56 F.3d at  394 ("Because Hansel is free to raise his constitutional claims before a legally trained judge both prior to trial, *see N.Y.Crim.Proc.L.* § 170.25 (McKinney 1993), and after conviction on direct appeal, Hansel can assert no bar to having his constitutional argument heard before the state courts.  Accordingly, the final requirement for *Younger* abstention is met.") (citation omitted).

may not be held liable for damages for constitutional violations merely because he held a high position of authority.  Rather, the personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016) (citations and internal quotation marks omitted), as amended (Feb. 24, 2016).

Applying those principles here, the Court notes, at the outset, that Chase Bank is not a state actor and cannot be sued under Section 1983.  Moreover, the allegation that a conspiracy existed between Chase Bank and the other defendants to violate Plaintiff's rights is entirely conclusory and implausible.  Accordingly, the claims against Chase Bank are dismissed.

Further, the allegations against Mayor Evans and Sheriff Baxter fail to allege any personal involvement by those defendants in any constitutional violation.  In particular, the allegation that Mayor Evans was involved in a conspiracy with Officer Flint and Chase Bank to violate Plaintiff's rights is, again, entirely conclusory and non-plausible.  Further, there are no substantive allegations whatsoever concerning Sheriff Baxter personally. Rather, it appears that Plaintiff named Evans and Baxter as defendants simply because they hold high positions of authority within the City and the Monroe County Sheriff's Department, respectively, which is insufficient to establish personal involvement. Consequently, the claims against Evans and Baxter must also be dismissed.

Finally, the claim against Officer Flint for a false-arrest Fourth Amendment violation also fails to state a claim.  At most, the Complaint, liberally construed, suggests that Officer Flint was personally involved insofar as he arrested Plaintiff on November 20,

2021, for violating § 44-4.   Plaintiff does not allege that he did *not* violate § 44-4, but,

rather, he merely alleges that § 44-4 should be found unconstitutional.

> The elements of a false arrest claim under 42 U.S.C. § 1983 are
> substantially the same as the elements under New York law. *See Weyant
> v. Okst*, 101 F.3d 845, 852 (2d Cir.1996). A claim for false arrest under New
> York law requires a plaintiff to show that "(1) the defendant intended to
> confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3)
> the plaintiff did not consent to the confinement, and (4) the confinement was
> not otherwise privileged." *Savino v. City of New York*, 331 F.3d 63, 75 (2d
> Cir.2003) (citing *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir.1994)).
> The "existence of probable cause to arrest constitutes justification and 'is a
> complete defense to an action for false arrest.'" *See Weyant*, 101 F.3d at
> 852.

*Allen v. City of New York*, No. 03 CIV.2829 KMW GWG, 2007 WL 24796, at *5 (S.D.N.Y.

Jan. 3, 2007).  Plaintiff's complaint fails to plausibly state a false arrest claim against Flint.

Moreover, Plaintiff's assertion that § 44-4 is unconstitutional does not subject Flint to

liability for an otherwise proper arrest, since

> "state officials are entitled to rely on a presumptively valid state statute until
> and unless the statute is declared unconstitutional," except when a law is
> "so grossly and flagrantly unconstitutional that any person of reasonable
> prudence would be bound to see its flaws." *Vives v. City of New York,* 405
> F.3d 115, 117 (2d Cir. 2005) (alterations and citation omitted).

*Harris v. Swaggard*, No. 19-CV-633-LJV-JJM, 2022 WL 563187, at *6 (W.D.N.Y. Feb. 24,

2022).  Plaintiff has not alleged facts plausibly indicating that § 44-4 was so obviously

unconstitutional that a reasonable officer would have refused to enforce the provision.

In sum, the Court finds that, even when read with the special solicitude due *pro se*

pleadings, Plaintiff's complaint fails to state actionable claims for money damages against

the named defendants under Section 1983.

Ordinarily, district courts grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects. However, leave to amend is not required where such amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011). For reasons already noted, the Court finds that amendment in this case would be futile, and leave to amend is therefore denied.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is GRANTED;

FURTHER, that Plaintiff's remaining applications (ECF Nos. 3-5) are DENIED and this action is DISMISSED for the reasons discussed above;

FURTHER, that the Clerk of the Court is directed to close this action; and

FURTHER, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

DATED:     May 24, 2022
           Rochester, New York

CHARLES J. SIRAGUSA
United States District Judge

10